**IN RE: Guerda JOCELYN, Debtor.**

**Case No. 8:17–bk–06140–CPM**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Signed October 05, 2017

Guerda Jocelyn, North Port, FL, pro se.

Jon Waage, Bradenton, FL, for pro se.

**ORDER: 1) DENYING MOTION FOR CONTEMPT AND 2) DECLARING VOID FORECLOSURE SALE HELD IN VIOLATION OF AUTOMATIC STAY**

Catherine Peek McEwen, United States Bankruptcy Judge

THIS CASE came on for hearing on September 13, 2017, for consideration of

the *Motion for Contempt of Automatic Stay* (the "Motion for Contempt and Injunctive Relief") (Doc. 22) filed *pro se* by the Debtor. The Motion for Contempt and Injunctive Relief asks for two forms of relief. First, it asks this Court to hold a state court judge in contempt for having denied the Debtor's motion to rescind a foreclosure sale of the Debtor's property that was conducted in *Trinity Financial Services, LLC v. Guerda Jocelyn, et al.,* Case No. 2017 CA 587 NC, in the Twelfth Judicial Circuit Court, in and for Sarasota County, Florida (the "Foreclosure Action"). Next, it asks for entry of an order directing the state judge to enter an order rescinding the sale. Both requests stem from the Debtor's (correct) assertion that the foreclosure sale occurred in violation of the automatic stay because the sale was held on July 18, 2017, four days after the Debtor filed her bankruptcy petition on July 14, 2017.

■■■ The Motion for Contempt and Injunctive Relief was not served on the state judge. Further, the Debtor presented no evidence that the state judge (or the plaintiff, for that matter) knew about the Debtor's bankruptcy filing at the time of the sale.[1] Moreover, the state judge enjoys absolute immunity from suit in the exercise of judicial authority.[2] Finally, this Court has no jurisdiction to direct another court to enter an order.[3] Thus, the Court finds no grounds to grant the requested relief.

■■■ However, the Court finds that it should grant relief to the Debtor in the form of a determination that the foreclosure sale is void.[4] In the Eleventh Circuit, actions taken in violation of the automatic stay are void *ab initio* and are, therefore, without effect.[5] Unquestionably, the automatic stay that arose under § 362 of the Bankruptcy Code upon commencement of

1. The Foreclosure Action docket does not reflect the Debtor's having filed a suggestion of bankruptcy in that case prior to the date of the sale.

2. *See, e.g., Ekechi v. Hudson, et al.,* 2012 WL 4009578, \*6 (M.D. Fla. Sept. 12, 2012) (count against county court judge for contempt for violation of automatic stay failed to state cause of action because judge afforded absolute judicial immunity for decisions rendered and actions taken in her official capacity). *See also Denton v. Massey,* 370 B.R. 441, 444 (Bankr. S.D. Ga. 2007) (judicial immunity not limited to action for damages; it extends to requests for injunctive relief).

3. Bankruptcy courts' jurisdiction is limited to hearing and determining cases arising under title 11 and proceedings "arising under" or "arising in" a case under title 11 and hearing and—in most instances—determining proceedings "related to" a case under title 11, as set forth in 28 U.S.C. §§ 157 and 1334. This jurisdiction does not include reviewing decisions of, or giving directives to, any other courts. *See also infra* note 4.

4. This relief differs somewhat from the specific relief the Debtor requested, i.e., she re-

quested an order directing the state judge to enter an order rescinding the sale. Under the Rooker–Feldman doctrine, federal courts (other than the United States Supreme Court) may not overrule or otherwise exercise jurisdiction over state court decisions, except in limited circumstances not present here. *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and *D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). In addition, I follow the Eleventh Circuit's directive to treat *pro se* litigants with special care because they occupy a position significantly different from that occupied by represented litigants. *In re Witchard,* 386 B.R. 358, 360 (Bankr. M.D. Fla. 2006) (citations omitted).

5. *See Newgent Golf, Inc. v. Frese, Hansen, Anderson, Hueston & Whitehead, P.A. (In re Newgent Golf, Inc.),* 402 B.R. 424, 433 (Bankr. M.D. Fla. 2009) and cases cited therein (order entered by state court judge approving parties' stipulation void *ab initio* where one of the parties had filed for bankruptcy relief unbeknownst to the judge).

the Debtor's bankruptcy case covered the subject property.[6] No exception to the stay appears applicable under the facts of this case. The Court takes judicial notice of the Foreclosure Action docket, which reflects that on August 9, 2017, the state judge entered an order on the Debtor's motion to rescind the sale, which reads, "Ordered that said Motion be and the same is hereby denied without prejudice to refile. Motion fails to state whether or not the property is listed in the bankruptcy schedule(s) as part of the estate." However, a debtor's failure to list property in the debtor's bankruptcy schedules is not dispositive as to whether the property constitutes property of the estate.[7] The determining factor is the nature of the debtor's interest in the property as of the petition date.[8] At any rate, the Debtor's bankruptcy schedules (Doc. 15), which she filed on July 27, 2017, indicate that as of the petition date she owned the real property that is the subject of the Foreclosure Action.

Accordingly, it is

**ORDERED:**

1. The Motion for Contempt and Injunctive Relief is DENIED.

2. The Court declares the sale in Foreclosure Action VOID *ab initio* as having been held in violation of the automatic stay.

---

6. Under § 541 of the Bankruptcy Code, upon commencement of a bankruptcy case, all legal and equitable interests of the debtor in property constitutes property of the estate, subject to limited exceptions that do not apply to ownership interests in real property. *See* 11 U.S.C. § 541(a) and 11 U.S.C. § 362(a)(2)–(5) (applying the automatic stay to property of the estate).

7. *See, e.g., Bauman v. Post (In re Post)*, 347 B.R. 104 (Bankr. M.D. Fla. 2006) (undisclosed funds in bank account became property of the estate on petition date).

8. Had the Debtor conveyed her interest in the subject property prior to filing her bankruptcy petition, the property would not have been property of the estate (although it may have been subject to being brought into the estate at a later time, depending on the circumstances of the conveyance). If the state court judge had reason to believe that the Debtor may have conveyed her interest in the subject property prior to filing for bankruptcy relief, such reason is not evident based on this Court's rather cursory review of the Foreclosure Action docket.